UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN D GOLD | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MCCOMBS ENTERPRISES FLEXIBLE | § | SA-11-CV-267 LG (NN) |
| BENEFITS CAFETERIA PLAN | § | |
| AND TRUST | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION

TO:   **Honorable Louis Guirola, Jr.**
      **Chief United States District Judge**
      **Southern District of Mississippi**

   This report and recommendation addresses the defendant's motion for summary judgment.[1]  I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) pursuant to the district court's order of referral.[2]  After considering the parties' submissions and the applicable law, I recommend granting the motion.

   **Nature of the case.**  Plaintiff Steven D. Gold is a beneficiary of defendant McCombs Enterprises Flexible Benefits Cafeteria Plan and Trust, a self-insured employee benefit plan covered under the Employee Retirement Income Security Act ("ERISA").  The plan's fiduciary and administrator is McCombs Enterprises ("McCombs"), its manager is Humana Insurance Company ("Humana"), and its governing document is the Summary Plan Description (the

_____

[1]Docket entry #15.

[2]Docket entry #19.

"Plan").[3]  In April 2010, Gold sustained injuries in a car accident.  Humana paid $142,418.34 on

Gold's behalf for medical expenses incurred as a result of that accident.[4]  The owner of the other

car involved in the accident was insured up to $250,000.00, and Gold's car insurance policy

included under-insured motorist coverage of $100,000.00 and personal injury coverage of

$2,500.00.[5]  Gold recovered $352,500.00 under those policies.  The Plan stated:

> [T]his Plan shall be repaid the full amount of the covered expenses it pays from any amount received from others for the bodily injuries or losses which necessitated such covered expenses.  *If, and only if, this Plan, in its sole discretion, determines that the beneficiary cannot be made whole by the limits of all sources of recovery which are, were, or will be available to the beneficiary, this Plan shall be repaid the pro-rata portion of the amount of the covered expenses it pays from any amount received from others for the bodily injuries or losses which necessitated such covered expenses; the "pro-rata portion" shall be determined by this Plan in its sole discretion.*  Without limitation, "amounts received from others" specifically includes, but is not limited to, liability insurance, worker's compensation, uninsured motorists, underinsured motorists, "no-fault" and automobile med-pay payments or recovery from any identifiable fund *regardless of whether the beneficiary was made whole.*
>
> This Plan's right to repayment is, and shall be, prior and superior to the right of any other person or entity, *including the beneficiary.*[6]

Based on that language, Humana sought reimbursement for the full $142,418.34 it paid on

Gold's behalf.  Also citing that language, Gold requested that Humana reduce the amount it

sought to be reimbursed because the amount he received under the car insurance policies was not

enough to fully cover the costs related to his injuries.

---

[3]Docket entry #17, ex. B, Bargender Decl., ex. 1, p. 90 of summary plan description.

[4]Docket entry #17, ex. A, LeCaptain Decl., ex. 1.

[5]Docket entry #1, Compl., ¶10.

[6]Docket entry #17, ex. B, Bargender Decl., ex. 1, p. 75 of summary plan description (emphases added).

Humana denied Gold's request[7] and enforced a subrogation lien for the full amount it had
paid.[8]  Gold, at this point represented by an attorney, appealed Humana's denial of his request
through the Plan's internal appeals procedure.[9]  Humana denied the appeal because it determined
that Gold "c[ould] be made whole" by the amount he recovered under the car insurance
policies.[10]  Gold filed a second level appeal[11] with McCombs, which upheld Humana's decision
by similarly concluding that Gold "c[ould] be made whole."[12]

Gold brought this suit, alleging that McCombs abused its discretion by arbitrarily and
capriciously rejecting his request to reduce the amount Humana sought to be reimbursed in
contravention of the Plan's "made whole" provision, and seeking a pro-rata reduction of the
amount reimbursed.[13]  The defendant moved for summary judgment, arguing that the Plan
provides that it is entitled to a full reimbursement of all amounts received from other sources
regardless of whether Gold was made whole, and does not require Humana or McCombs to
undertake a "made whole" analysis.  The defendant also argued that even if the Plan required a
"made whole" analysis, the Plan gave Humana and McCombs discretion as to whether the
evidence provided by Gold supported the conclusion that he was not made whole, and that

---

[7]Docket entry #18, Gold ex. 5.

[8]Docket entry #18, Gold ex. 13.

[9]Docket entry #18, Gold ex. 14.

[10]Docket entry #18, Gold ex. 15.

[11]Docket entry #18, Gold ex. 16.

[12]Docket entry #18, Gold ex. 17.

[13]Docket entry #1, Compl. ¶¶ 13, 17.

discretion was not abused.

**Standard of review.**  "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14]  "[A] district court reviewing a denial of benefits under ERISA is to apply a de novo review unless the plan gives the administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'"[15]  As an initial matter, the parties dispute whether the Plan gives such discretion to McCombs, the plan administrator.  Gold argues that "[n]owhere does the Plan attempt to confer discretionary authority to determine eligibility for benefits so as to invoke the abuse of discretion of [sic] standard."[16]  The defendant, relying on *Wildbur v. Arco Chemical Company*, argued that by naming McCombs as the plan administrator, fiduciary and claim fiduciary, and by providing that beneficiaries can appeal denials of benefits to the plan administrator, the Plan effectively confers discretion upon McCombs.[17]  Resolving this dispute is only necessary to determine whether the Plan allowed for full reimbursement regardless of whether Gold was made whole and whether the Plan required a "made whole"

---

[14]*Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011) (internal quotation marks omitted).

[15]*Dutka ex rel. Estate of T.M. v. AIG Life Ins. Co.*, 573 F.3d 210, 212 (5th Cir. 2009) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

[16]Docket entry #18, Mem. in Supp. of Pl.'s Resp. to Def.'s Mot. for Summ. J., p. 6.

[17]*See Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 636–37 (5th Cir. 1992) (holding that plan administrator had discretionary authority where Plan stated that the administrator "shall made an independent determination of the applicant's eligibility for benefits under the Plan," which determination "shall be final and conclusive upon all persons if supported by substantial evidence in the record").

analysis.  This case can, however, be decided by assuming that the Plan required Humana and

McCombs to undertake a "made whole" analysis.[18]  The parties agree that McCombs's factual

determination that Gold was made whole by the car insurance proceeds is reviewed for an abuse

of discretion.[19]

 **Applicable law.**  "In applying the abuse of discretion standard to an administrator's

factual determinations," courts "analyze whether the administrator acted arbitrarily or

capriciously."[20]  "A decision is arbitrary if it is made without a rational connection between the

known facts and the decision."[21]  "In addition to not being arbitrary and capricious, the plan

administrator's decision to deny benefits must be supported by substantial evidence."[22]

"'Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"[23]  An inherent

conflict of interest exists where, as here, the plan administrator (McCombs) both pays benefits

---

 [18]Neither party addressed the significance of the following Plan language: "This Plan has the sole right to construe and prescribe the meaning, scope and application of each and all of the terms of this Plan, including, without limitation, the benefits provided thereunder, the obligations of the *beneficiary* and the recovery rights of this Plan; such construction and prescription by this Plan shall be final and uncontestable."  Docket entry # 17, ex. B, Bargender Decl., ex. #1 at p. 74 of summary plan description.  This language appears to unequivocally give McCombs, as the plan administrator, discretionary authority to interpret the Plan.

 [19]*See Dutka*, 573 F.3d at 212 ("[W]ith or without a discretion clause, a district court rejects an administrator's factual determinations in the course of a benefits review only upon the showing of an abuse of discretion.").

 [20]*Id.* at 213.

 [21]*Anderson v. Cytec Indus.*, 619 F.3d 505, 512 (5th Cir. 2010) (internal quotation marks omitted).

 [22]*Id.*

 [23]*Id.* (quoting *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 398 (5th Cir. 2007).

and maintains discretionary control over the ultimate benefits decision.[24]  Such a conflict is one

factor to consider when determining whether a plan administrator abused its discretion, but

where "claimants do not present evidence of the degree of the conflict, the court will generally

find that any conflict is 'not a significant factor.'"[25]

**McCombs did not abuse its discretion.**  In support of his request that Humana reduce

the amount it sought to be reimbursed, Gold submitted medical records attached to an eight-page

letter detailing his history of back problems, a summary of expenses related to his injuries, and

his own estimate of his likely recovery from a jury.[26]  According to the information he submitted,

Gold had received $352,500.00 in car insurance proceeds, Humana had so far paid $110,796.52,

and Gold himself had paid $6,500 in medical expenses.[27]  According to Gold, a jury would award

him $1,785,000.00 in damages, including past and future medical expenses ($215,000.00), past

and future pain and suffering ($450,000.00), past and future physical impairment ($400,000.00),

past and future lost earning capacity ($570,000.00), loss of household services ($75,000.00), and

disfigurement ($75,000.00).[28]  Gold did not provide additional supporting materials in his first

level appeal to Humana or in his second level appeal to McCombs.[29]

---

[24]*Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008).

[25]*McDonald v. Harford Life Group Ins. Co.*, 361 F. App'x 599, 608 (5th Cir. 2010) (quoting *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 249 (5th Cir. 2009)).

[26]Docket entry #18, Gold ex. 1.

[27]*Id.*

[28]*Id.*

[29]Gold submitted an expert's report in opposition to the defendant's motion for summary judgment.  This report was not submitted to Humana or McCombs and is therefore outside the

Humana's letter denying Gold's first level appeal and McCombs's letter denying his

second level appeal both stated that they had determined that Gold was "made whole in [his]

recovery for the injuries sustained" in April 2010.[30]   Gold argued that McCombs's determination

was arbitrary and capricious and not supported by substantial evidence because McCombs

provided "no analysis at all."[31]   Gold further argued that McCombs's determination was arbitrary

because "[n]o consultants were obtained, no vocational experts are identified, and it appears that,

notwithstanding the fact the Plan paid Mr. Gold's medical expenses and were sent a majority of

his records, they neglected to review the very medical records on which the charges were

based."[32]   McCombs argued in response that the administrative record, which was Gold's

responsibility to supplement,[33] contained only Gold's own and his attorney's opinions about the

extent of his expenses, and that the medical records did not "include any notes or other

indications from Gold's treating physicians that would support Gold's claims regarding the value

---

administrative record and cannot now be considered.  *See Crosby v. La. Heal Serv. and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011) (prohibiting admission of evidence relevant to a benefits determination "unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures").

[30]Docket entry #18, Gold exs.15 & 17.

[31]Docket entry #18, Mem. in Supp. of Pl.'s Resp. to Def.'s Mot. for Summ. J., p. 8.

[32]*Id.* at 9.

[33]*See Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 335 (5th Cir. 2001) ("[T]he burden is not solely on the administrator to generate evidence relevant to deciding the claim."). *See also Holland*, 576 F.3d at 250 ("ERISA does not require a Plan Administrator to seek consultation of a vocational expert.").

of his claim."[34]  McCombs further argued that its conflict of interest as both the payer and final evaluator of claims should not weigh heavily against it because Gold failed to provide any evidence showing how its decision was influenced by that conflict.

McCombs is correct that the administrative record does not support the future medical expenses Gold claims.  The record contains nothing authoritative to contradict McCombs's determination that Gold was made whole by the $352,000.00 received from the car insurance policies.  Moreover, Gold provided no evidence other than the existence of a conflict of interest to demonstrate the conflict influenced McCombs's decision-making process.  Gold sought additional discovery to preclude summary judgment, but no need exists for additional discovery under the circumstances of this case because there is no indication discovery will lead to relevant evidence.  Nothing indicates McCombs's determination that Gold was made whole was arbitrary or capricious.  McCombs's determination is supported by the record.

**Recommendation**.  I recommend granting the defendant's motion for summary judgment (docket entry #15) because no material factual dispute exits concerning whether McCombs abused its discretion in determining that Gold was made whole for the injuries sustained in his car accident or whether McCombs is entitled to reimbursement under the Plan's terms.  If the district judge accepts this recommendation, the court can enter a final summary judgment in favor of defendant McCombs Enterprises Flexible Benefits Cafeteria Plan and Trust.

**Instructions for service and notice of right to object/appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with

---

[34]Docket entry # 21, Def.'s Reply in Supp. of its Mot. for Summ. J., p. 5.

the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[35] Such party shall file the objections with the clerk of the court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[36]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[37]

      **SIGNED** on February 16, 2012.


                               *Nancy Stein Nowak*

                              NANCY STEIN NOWAK
                              UNITED STATES MAGISTRATE JUDGE

---

[35]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[36]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[37]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).